UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE REYNOLDS AND REYNOLDS COMPANY,<br>One Reynolds Way,<br>Kettering, Ohio 45430,<br><br>and<br><br>REYNOLDS AND REYNOLDS HOLDINGS, INC.,<br>One Reynolds Way,<br>Kettering, Ohio 45430,<br><br>Plaintiffs,<br><br>vs.<br><br>SPECTRUM BUSINESS FORMS & ADVERTISING SPECIALTIES LLC<br>1316 Commerce Park Drive<br>Suite 2<br>Williamsport, PA 17701<br><br>Defendant. | Civil Action<br><br>No. 4:17-CV-1004<br><br>FILED<br>SCRANTON<br><br>JUN - 8 2017<br><br>PER_____<br>DEPUTY CLERK |

## COMPLAINT

Plaintiffs The Reynolds and Reynolds Company and Reynolds and Reynolds Holdings, Inc. (collectively, "Reynolds") file the following as their Complaint against Defendant Spectrum Business Forms & Advertising Specialties LLC ("Spectrum").

## JURISDICTIONAL ALLEGATIONS

1. The Reynolds and Reynolds Company is an Ohio corporation with its principal place of business at One Reynolds Way, Kettering, Ohio 45430.

2. Reynolds and Reynolds Holdings, Inc. is a Delaware corporation with its principal place of business at One Reynolds Way, Kettering, Ohio 45430.

3. Spectrum is a Pennsylvania limited liability company with its principal place of business at 1316 Commerce Park Drive, Suite 2, Williamsport, PA 17701, and also operates under the fictitious name of Spectrum Business Forms and Computer Supplies.

4. Pursuant to 28 U.S.C. §§ 1331 and 1338, this Court has original and exclusive subject-matter jurisdiction. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## GENERAL ALLEGATIONS

5. Reynolds sells software, business forms, and supplies, and provides professional services that support various areas of retailing for automobile dealers and automakers. Among other products, Reynolds creates, develops, and supplies forms to automobile dealers and automakers for use in effectuating automobile finance and lease transactions.

6. Reynolds expends significant resources in creating, developing, and

updating its forms. This process involves creating original content that complies with applicable laws and regulations, clearly and concisely discloses required information, collects necessary information from customers, mitigates exposure to novel theories of recovery against automobile dealers and automakers, and, when necessary, translates the information conveyed in such forms into foreign languages.

7. Reynolds often creatively selects and arranges otherwise uncopyrighted materials to create compilations that deliver information to users of the forms in a clear, legally compliant manner.

8. Balancing these various interests and goals requires Reynolds to exercise judgment and creativity to arrive at the desirable language and arrangement of information

9. Spectrum sells automotive dealer supplies, including forms for automotive vehicle dealers.

10. Spectrum and Reynolds are direct competitors in the area of forms for automotive vehicle dealers.

11. Of relevance to this case, Reynolds sells three forms: the 553-PA (Retail Installment Sales Contract), a form entitled the LAWPA-BOARB (Buyer's Order), and a form entitled the LAWPA-220S (Borrowed Vehicle Agreement)

(together, the "Reynolds Forms").

12. Reynolds owns copyrights registered with the U.S. Copyright Office in each of the Reynolds Forms.

13. Reynolds owns the copyright in its Form No. 553-PA – Retail Installment Sales Contract, and owns U.S. Copyright Registration No. TX 8-052-298, with an effective date of registration of January 27, 2015, for its form. Subsequent to Reynolds' registration of Form No. 553-PA, Spectrum willfully infringed Reynolds' copyright in Form No. 553-PA by selling a substantially similar Retail Installment Sale Contract (the "Spectrum RISC"). A copy of Form No. 553-PA is attached as Exhibit 1a; a copy of Registration No. TX 8-052-298 is attached as Exhibit 1b; and a copy of the Spectrum RISC is attached as Exhibit 1c. To the best of Reynolds' knowledge, Spectrum's sales of the Spectrum RISC ceased on or about November 2013.

14. Reynolds owns the copyright in its Form No. LAWPA-BOARB – Vehicle Buyer's Order, and owns U.S. Copyright Registration No. TX 7-706-182, with an effective date of registration of March 21, 2013, for its form. Subsequent to Reynolds' registration of Form No. LAWPA-BOARB, Spectrum willfully infringed and continues to willfully infringe Reynolds' copyright in Form No. LAWPA-BOARB by selling a substantially similar Vehicle Buyer's Order (the

SL1 1468065v1 101425.00002

"Spectrum VBO"). A copy of Form No. LAWPA-BOARB is attached as Exhibit 2a; a copy of Registration No. TX 7-706-182 is attached as Exhibit 2b; and copies of the two different Spectrum VBOs are attached as Exhibits 2c and 2d, respectively.

15. Reynolds owns the copyright in its Form No. LAWPA-220S – Borrowed Vehicle Agreement, and owns U.S. Copyright Registration No. TX 7-721-072, with an effective date of registration of March 14, 2013, for its form. Subsequent to Reynolds' registration of Form No. LAWPA-220S, Spectrum willfully infringed and continues to willfully infringe Reynolds' copyright in Form No. LAWPA-220S by selling a substantially similar Borrowed Vehicle Agreement (the "Spectrum BVA"). A copy of Form No. LAWPA-220S is attached as Exhibit 3a; a copy of Registration No. TX 7-721-072 is attached as Exhibit 3b; and a copy of the Spectrum BVA is attached as Exhibit 3c.

16. Reynolds has diligently marked each of the Reynolds Forms with a copyright notice in compliance with 17 U.S.C. § 401 to place the public on notice of its copyrights therein.

17. Reynolds and Reynolds Holdings, Inc. is the owner of United States Patent No. D460,782, entitled "Business Form," (hereinafter "the '782 Patent") by nature of an assignment recorded at the United States Patent and Trademark Office

at Reel 011257, Frame 0282.

18. The '782 Patent was duly and legally issued by the United States Patent and Trademark Office on July 23, 2002, and expired on July 23, 2016. Reynolds seeks damages under 35 U.S.C. § 286 for infringement committed up to six years prior to the filing of this Complaint. A copy of the '782 Patent is attached at Exhibit 4.

19. The '782 Patent is presumed valid pursuant to 35 U.S.C. § 282.

20. The '782 Patent claims an ornamental design for a business form.

21. Reynolds continuously marked the 553-PA form with the appropriate patent markings in compliance with 35 U.S.C. §287(a) from the time of issuance of the '782 Patent until the expiration of the '782 Patent.

22. In 2013, Reynolds became aware that the Spectrum RISC infringes the '782 Patent.

23. On April 19, 2013, Reynolds sent a letter via certified mail to Spectrum demanding that Spectrum cease and desist its infringement of Reynolds' copyrights and patent, along with follow-up communications on June 5, 2013, January 16, 2014, and April 10, 2017.

24. To date Reynolds has not received a response from Spectrum.

SL1 1468065v1 101425.00002

## COUNT I – COPYRIGHT INFRINGEMENT

25. Reynolds incorporates the allegations of ¶¶ 1 – 24 above as if they were fully re-written.

26. Reynolds owns the copyrights in each of the Reynolds Forms.

27. Reynolds owns copyright registrations from the U.S. Copyright Office for each of the Reynolds Forms.

28. Spectrum has no license or other right or permission to copy or otherwise use any of the Reynolds Forms, or any portion thereof.

29. Spectrum has reproduced, prepared unauthorized derivative works based upon, distributed copies of, and publicly displayed the Reynolds Forms and continues to reproduce, prepared unauthorized derivative works based upon, distribute copies of, and publicly display the LAWPA-BOARB (Buyer's Order) form and the LAWPA-220S (Borrowed Vehicle Agreement) form.

30. By reproducing, preparing unauthorized derivative works based upon, distributing copies of, and publicly displaying Reynolds' copyrighted works, Spectrum has infringed and continues to infringe Reynolds' copyrights in violation of 17 U.S.C. § 101, *et seq.*, thereby causing damage to Reynolds.

31. Spectrum's infringement of Reynolds' copyrights is willful and deliberate.

SL1 1468065v1 101425.00002

32. Unless enjoined by this Court, Spectrum will continue its course of conduct and will continue to wrongfully, willfully, and deliberately copy, distribute, sell, infringe upon, and otherwise profit from Reynolds' copyrighted works. As a direct and proximate result of Spectrum's conduct, Reynolds has already suffered and will continue to suffer irreparable harm. Reynolds has no adequate remedy at law to redress the injuries that Spectrum's continuing conduct would cause.

## COUNT II – PATENT INFRINGEMENT

33. Reynolds incorporates the allegations of ¶¶ 1 – 32 above as if they were fully re-written herein.

34. The Spectrum RISC is not plainly dissimilar from the design protected by the '782 Patent.

35. An ordinary observer would think that the design of the Spectrum RISC is substantially the same as one or more designs protected under the '782 Patent, including but not limited to the designs depicted in Figs. 1, 5, 17, 19, 27, 33, 41, 43 and 45 of the '782 Patent, when the designs are compared in the context of the prior art.

36. The Spectrum RISC falls within the scope of, and therefore infringes, the '782 Patent.

37. Spectrum has infringed the '782 Patent under 35 U.S.C. § 271 by offering to sell, selling, making, using and/or importing the Spectrum RISC within the United States and within this District.

38. Spectrum has no license or other right or permission to sell, offer to sell, make, use and/or import any form covered by the '782 Patent. Spectrum has been aware of the '782 Patent since at least as late as April 2013.

39. Spectrum's infringement of the '782 Patent is willful and wanton.

40. The infringement of the '782 Patent by Spectrum has caused Reynolds to suffer economic damages.

**WHEREFORE**, Plaintiffs The Reynolds and Reynolds Company and Reynolds and Reynolds Holdings, Inc. demand judgment in their favor as follows:

(1) a preliminary and permanent injunction restraining Spectrum from selling, offering to sell, making, using, importing, copying, reproducing, preparing derivative works based upon, distributing, publicly displaying, infringing or otherwise profiting from unauthorized use of the copyrighted works of Plaintiffs; and/or

(2) an order compelling the impounding and disposition of the protected works of Plaintiffs in the possession of Spectrum; and/or

(3) the actual damages of Plaintiffs as a result of infringement by

Spectrum; and/or

(4) disgorgement of all gains, profits, and advantages derived by Spectrum through its infringement of the copyrighted and patented works of Plaintiffs; and/or

(5) statutory damages for infringement by Spectrum of the copyrighted works of Plaintiffs; and/or

(6) an award of treble damages and costs pursuant to 35 U.S.C. §284 for willful infringement of the '782 Patent; and/or

(7) a recovery of Spectrum's total profits pursuant to 35 U.S.C. §289 for infringement of the '782 Patent; and/or

(8) costs and litigation expenses, including attorney fees, for the willful and deliberate infringement by Spectrum; and/or

(9) such further and other relief to which Plaintiffs are entitled.

Respectfully submitted,

Dated: June 8, 2017     **STEVENS & LEE, P.C.**

By: s/Jeffrey D. Bukowski
    Jeffrey D. Bukowski
    Attorney I.D. No. 76102
    111 North 6th Street
    Reading, PA 19603-0679
    Telephone: (610) 478-2215
    E-mail: **jdb@stevenslee.com**

    Thomas A. Knoth (Ohio #0034240)
    *(to be admitted pro hac vice)*
    Steven J. Elleman (Ohio #0066332)
    *(to be admitted pro hac vice)*
    Terry W. Posey, Jr. (Ohio #0078292)
    *(to be admitted pro hac vice)*
    THOMPSON HINE LLP, Austin Landing I
    10050 Innovation Drive, Suite 400
    Dayton, OH 45342-4934
    Telephone: (937) 443-6777
    Fax: (937) 443-6635
    Email: **Tom.Knoth@ThompsonHine.com**
    **Steve.Elleman@ThompsonHine.com**
    **Terry.Posey@Thompsonhine.com**

    *Attorneys for Plaintiffs*
    *The Reynolds and Reynolds Company and*
    *Reynolds and Reynolds Holdings, Inc.*